Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
KATHERINE ROSE DE LA CRUZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE ROSE DE LA CRUZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AP ACCOUNT SERVICES, LLC, a Texas limited liability company; GARY L. DUDLEY, individually and in his official capacity; and CHARLES E. AMATO, individually and in his official capacity,<br><br>　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

　　　Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

　　　1.　This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

/ / /

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

9. Defendant, AP ACCOUNT SERVICES, LLC (hereinafter "AP ACCOUNT

---

[1] Cal. Civil Code § 1788.1(a)(1).

SERVICES"), is a Texas limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 9311 San Pedro Avenue, Suite 600, San Antonio, Texas 78216. AP ACCOUNT SERVICES may be served at the address of its Registered Agent at: AP Account Services, LLC, c/o Gary L. Dudley, Registered Agent, 9311 San Pedro Avenue, Suite 600, San Antonio, Texas 78216. The principal business of AP ACCOUNT SERVICES is the collection of defaulted consumer debts using the mails and telephone, and AP ACCOUNT SERVICES regularly attempts to collect defaulted consumer debts alleged to be due another. AP ACCOUNT SERVICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, GARY L. DUDLEY (hereinafter "DUDLEY"), is a natural person and is or was an employee, agent, officer and/or director of AP ACCOUNT SERVICES at all relevant times. DUDLEY may be served at his current business address at: Gary L. Dudley, AP Account Services, LLC, 9311 San Pedro Avenue, Suite 600, San Antonio, Texas 78216. The principal purpose of DUDLEY's business in the collection of defaulted consumer debts due or alleged to be due another. DUDLEY is regularly engaged in the business of collecting defaulted consumer debts through the use of the U.S. Mail, telephone and internet. DUDLEY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that DUDLEY is liable for the acts of AP ACCOUNT SERVICES because he is a managing member of AP ACCOUNT SERVICES, he sets and approves AP ACCOUNT SERVICES collection policies, practices, and procedures, and he directed the unlawful activities described herein.

11. Defendant, CHARLES E. AMATO (hereinafter "AMATO"), is a natural person and is or was an employee, agent, officer and/or director of AP ACCOUNT SERVICES at all relevant times. AMATO may be served at his current business address at: Charles E. Amato, AP Account Services, LLC, 9311 San Pedro Avenue, Suite 600, San Antonio, Texas 78216. The principal purpose

of AMATO's business in the collection of defaulted consumer debts due or alleged to be due another. AMATO is regularly engaged in the business of collecting defaulted consumer debts through the use of the U.S. Mail, telephone and internet. AMATO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that AMATO is liable for the acts of AP ACCOUNT SERVICES because he is a managing member of AP ACCOUNT SERVICES, he sets and approves AP ACCOUNT SERVICES collection policies, practices, and procedures, and he directed the unlawful activities described herein.

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer debt owed to Meriwest Credit Union (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Plaintiff is informed and believes, and thereon alleges that on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. The collection letter (Exhibit "1") is dated October 31, 2012.

17. A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18. Defendants knew or should have known that their conduct was directed towards a senior citizen.

19. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

20. The collection letter (Exhibit "1") fails to state the name of the then current creditor.

21. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope.

22. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.[2]

23. Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" in envelopes which contain a window through which information printed on the collection letters could be seen by anyone who handled the envelopes as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

/ / /

/ / /

---

[2] See, *Johnson v. CFS II, Inc.*, 2013 U.S. Dist. LEXIS 61017 (N.D. Cal. April 28, 2013) (Awarding treble damages under Cal. Civil Code § 3345 in an FDCPA case).

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant, AP ACCOUNT SERVICES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. Defendant, DUDLEY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. Defendant, AMATO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31. Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

   a. Defendants failed to disclose the true name of the *current* creditor to whom the debt being collected was owed in their first written notice to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(2).

   b. Defendants communicated with third parties, in violation of 15 U.S.C. § 1692b;

  c. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

  d. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

  e. Defendants published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

  f. Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

  32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  33. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

  34. Plaintiff brings the second claim for relief against Defendants, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

  35. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

  36. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37. Defendant, AP ACCOUNT SERVICES, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38. Defendant, DUDLEY, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. Defendant, AMATO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

 a. Defendants failed to disclose the true name of the *current* creditor to whom the debt being collected was owed in their first written notice to Plaintiff, in violation of Cal. Civil Code § 1788.17.[3]

 b. Defendants communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4]

 c. Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[5]

 d. Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code §§

---

[3] 15 U.S.C. § 1692g(a)(2).
[4] 15 U.S.C. § 1692b.
[5] 15 U.S.C. § 1692c(b).

1788.12(a) and 1788.17;[6]

    e.    Defendants published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[7] and

    f.    Defendants' publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17.[8]

42.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[9]

45.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[10]

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

---

[6] 15 U.S.C. § 1692d.
[7] 15 U.S.C. § 1692d(3).
[8] 15 U.S.C. § 1692f.
[9] 15 U.S.C.§ 1692k(a)(2)(A).
[10] 15 U.S.C.§ 1692k(a)(3).

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(3), 1692g(a)(2) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a) and 1788.17;

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[11]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[12] and 1788.30(c);

h) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[11] 15 U.S.C. § 1692k(a)(2)(A).
[12] 15 U.S.C. § 1692k(a)(3).

| | |
|---|---|
| 1 | CONSUMER LAW CENTER, INC. |
| 2 | |
| 3 | By: /s/ Fred W. Schwinn |
| | Fred W. Schwinn (SBN 225575) |
| 4 | Raeon R. Roulston  (SBN 255622) |
| | CONSUMER LAW CENTER, INC. |
| 5 | 12 South First Street, Suite 1014 |
| | San Jose, California  95113-2418 |
| 6 | Telephone Number: (408) 294-6100 |
| 7 | Facsimile Number: (408) 294-6190 |
| | Email Address: fred.schwinn@sjconsumerlaw.com |
| 8 | |
| 9 | Attorneys for Plaintiff |
| | KATHERINE ROSE DE LA CRUZ |

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHERINE ROSE DE LA CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.